```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
United States of America,                    CR-94-0018(CPS)

    - against -
                                             MEMORANDUM OPINION
Deione Grant,                                AND ORDER

                  Defendant.
----------------------------------------X
```

SIFTON, Senior Judge.

On December 18, 1993, Deione Grant ("petitioner"[1]) was arrested and charged with importation of cocaine. A jury acquitted petitioner of all charges on May 17, 1994. Now before this Court is petitioner's *pro se* motion to have her criminal record expunged or sealed. For the reasons set forth below, petitioner's motion is denied.

## Background

The following facts are taken from the parties' papers submitted in connection with this motion.

According to the government, the Complaint in the underlying criminal matter alleged that petitioner was selected for a routine Customs examination at John F. Kennedy International Airport upon her return from Guyana on December 18, 1993. Petitioner told the Customs Inspector that she had been traveling

---

[1] Although petitioner filed her motion on the docket in her criminal case, it is preferable to use the term petitioner rather than defendant in the instant motion.

alone to visit family.  The Customs Inspector noted that petitioner had been to Guyana six times in the past year and had purchased her current ticket only a few days before her trip.  The Customs Inspector also noted that petitioner's bag had an unusually thick back and found a substance that field-tested positive for cocaine.  Approximately 2470 grams of cocaine were seized from petitioner.

An indictment was filed against petitioner on January 4, 1994.  A five-count superseding indictment was filed on April 4, 1994, charging conspiracy to import heroin and cocaine, importation of heroin, importation of cocaine, possession with intent to distribute heroin, and possession with intent to distribute cocaine.  Following a jury trial to determine, *inter alia*, whether her possession and transportation of drugs was knowing and intentional, petitioner was acquitted of all charges on May 17, 1994.  Her acquittal, however, was not reflected on her criminal record until April 15, 2008.

Petitioner has tried to apply for several jobs since her acquittal.  Because of the inaccuracy in her criminal record, background checks run by potential employers on petitioner showed a pending criminal case.  According to petitioner, she has lost employment opportunities as a result.  Most recently, petitioner was offered a job with the Association for the Help of Retarded Children.  She was scheduled to start in March 2008.  Two days

before she was to start, however, the offer was withdrawn. Petitioner was told her offer was rescinded because a background check showed this case as pending and petitioner had stated on her employment application that there were no open criminal charges pending against her.

On April 16, 2008, the government represented in response to petitioner's complaint that it had contacted the Federal Bureau of Investigation ("FBI") and that defendant's criminal record had been updated in the National Crime Information Center ("NCIC") database, as of April 15, 2008, as reflected in an updated printout received from the FBI and submitted to the Court; the record now states "Sentence-May 1994 All Counts Acquitted/Dismissed."

## Discussion

In *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (citation and internal quotation marks omitted), the Second Circuit held that, although no federal statute provides for the expungement of an arrest record, "expungement lies within the equitable discretion of the court, and relief is granted only in extreme circumstances." The Court continued that "the power to expunge is a narrow one and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." *Id.* (citation and internal quotation marks omitted).

"Any particular request for expungement must be examined individually on its merits to determine the proper balancing of the equities," *id.* at 540, between the privacy of the individual and the necessary duties of law enforcement. *Id.* at 539. As to law enforcement's interests, the *Schnitzer* court noted that "retaining and preserving arrest records serves the important function of promoting effective law enforcement" and helps to meet "the compelling public need for an effective and workable criminal identification procedure." *Id*. (citation and internal quotation marks omitted).[2] As to the individual's interest, the *Schnitzer* court stated that "an arrest record alone can create serious adverse consequences for those who have been arrested in the past, notwithstanding the ultimate disposition of the case." *Id.*

Extreme circumstances justifying expungement have been found where mass arrests have rendered judicial determinations of probable cause impossible; where the sole purpose of the arrests was to harass civil rights workers; where the police misused the police records to the detriment of the defendant; or where the arrest was proper but based on a statute later declared unconstitutional. *Id.* (internal citations omitted).

Petitioner claims that her employment opportunities have

---

[2] The *Schnitzer* Court recognized that Congress requires the Attorney General to collect identification, criminal identification, crime, and other records pursuant to 28 U.S.C. § 534(a). 567 F.2d at 539.

been adversely affected by her inaccurate arrest record. Although petitioner's motion seeks expungement or sealing of her arrest, the request should be liberally construed as seeking correction of the error since petitioner undoubtedly has a right to an accurate criminal record. *See Hall v. Marshall,* 479 F. Supp.2d 304 (E.D.N.Y. 2007) (noting courts have used the authority under *Schnitzer* to expunge errors in federal criminal records) (citing *Doe v. Immigration & Customs Enforcement*, 2004 WL 1469464 (S.D.N.Y. June. 29, 2004) (expunging erroneous notation that plaintiff had been arrested and detained by immigration officials)). The accuracy of the NCIC record has been addressed and the error corrected, rendering the issue of whether the erroneous NCIC record should be corrected moot. *See United States v. Daisley*, 2006 WL 3497855, at *1 (E.D.N.Y. Dec. 5, 2006) (inaccuracy of record "can no longer provide a basis for expunction [sic] now that the record has been corrected").

Although petitioner's record is now accurate, she continues to seek expungement or sealing of her arrest.[3] Petitioner claims that her employment opportunities will be affected even by an accurate record that shows her acquittal. Petitioner has not disputed the legality of her arrest or the statute under which she was charged. The government has not conceded innocence,

---

[3] Courts analyze motions to seal and expunge a criminal record under the same standards. *See, e.g., United States v. Feret*, 2007 WL 2262867 (E.D.N.Y. 2007); *United States v. Robinson*, 2007 WL 2077732 (E.D.N.Y. 2007); *Lyp v. United States*, 2007 WL 188689 (E.D.N.Y. 2007).

although petitioner was acquitted.  There is no allegation that the arrest record has been misused.

Adverse employment decisions are, of course, one of the consequences of an arrest record.  Where a record is accurate, regardless of the disposition of the case, courts have nearly uniformly rejected adverse employment effects as grounds for expungement.  *Schnitzer*, 567 F.2d at 540 (affirming denial of motion to expunge arrest record where the indictment had been dismissed and defendant claimed difficulties in entering rabbinical profession; such a situation was not "harsh or unique" and an explanation may be expected from those about to enter a profession); *United States v. Feret*, 2007 WL 2262867, at *1-2 (E.D.N.Y. 2007) (denying motion to seal or expunge although criminal complaint had been dismissed where defendant alleged "employment prospects have been or will be affected by the appearance of an arrest in his criminal history"); *Daisley*, 2006 WL 3497855, at *1 (denying motion to expunge arrest record, which had been inaccurate but was corrected, despite the fact that case was dismissed 10 years prior to motion and defendant alleged record affected his ability to find employment); *Slansky v. White*, 1996 WL 312401, at *2 (S.D.N.Y. Jun. 10, 1996) (refusing to expunge arrest record where criminal complaint was dismissed prior to indictment and petitioner alleged he had been fired when employer discovered the arrest through a background check); *In re*

*Farkas*, 783 F. Supp. 102, 104 (E.D.N.Y. 1992) (declining to grant expungement of 20 year-old arrest record, where charges were dismissed once it was determined the substance was not a narcotic, where petitioner alleged the arrest would effect his current employment as a vice-president at a securities firm); *see also United States v. Sherman*, 782 F. Supp. 866, 868 (S.D.N.Y. 1991) ("[C]ourts have rarely granted motions to expunge arrest records . . . . This is true even where the arrests at issue resulted in acquittals or even dismissal of the charges").

Petitioner's case does not rise to the level of "extreme circumstances" required for expungement. Her situation is neither so "harsh or unique" as to outweigh the government's interest in maintaining arrest records. Indeed, she has not shown that an accurate record, reflecting her acquittal, will preclude her from employment. It is my sincere hope that the consequences of petitioner's arrest, over 14 years ago, will be alleviated by the corrected record. Accordingly, although I am sympathetic to the position in which petitioner finds herself, I decline to order expungement or sealing of her corrected record.

## Conclusion

For the reasons stated above, petitioner's motion is denied. The Clerk is directed to transmit a copy of the within to all the parties and to enter judgment denying petitioner's application.

SO ORDERED.

Dated : Brooklyn, New York
        May 8, 2008

         By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                  United States District Judge